### ATTACHMENT FOR NECESSARIES.

Common Pleas Court of Hamilton County.

WALTER P. SCHAAP, DOING BUSINESS AS THE MERCHANTS ASSOCIATION, v. ADOLPH FLICK.

Decided, January, 1913.

*Attachment—Of Personal Earnings on a Claim for Necessities—Brokers in Necessaries Not Entitled to the Benefit of the Statute—Section 10271.*

Only one actually furnishing necessaries directly to a wage earner is entitled to the benefit of the ten per cent. statute; and where necessaries are sold to a wage earner by a broker, an action in

attachment does not lie for ten per cent. of the personal earnings of the debtor.

*Stanley W. Lewis,* for the motion.
*Cowell & Lamping,* contra.

DICKSON, J.

This action is here on an appeal from the justice's court. Below plaintiff sued for clothing furnished defendant and sought by attachment to get money from the garnishee under Section 10271, etc., of the General Code. The appeal is as to the overruling of defendant's motion to discharge the attachment under Sections 10256-10260, of the General Code.

It is conceded that the clothing furnished was "necessaries."

It is agreed that the plaintiff carried no stock of clothing, that he gave an order upon a dealer in clothing to furnish these necessaries to the defendant, and that the same were charged to the plaintiff; that the defendant agreed to pay the plaintiff for the clothing and also to pay the plaintiff a fee as a broker; that the plaintiff never saw the clothing.

The issue is, did the plaintiff furnish these necessaries to the defendant and is he entitled to the benefit of the ten per cent. statute.

The court is of the opinion that this law was passed to enable the wage earner to have credit with dealers in, and with those who furnish necessaries, in order to stave off if possible and thus prevent the necessity of the wage earner becoming an object of charity. It certainly was not for the purpose of giving the wage earner credit in business as a business man; that is, to borrow money. It has been urged that perhaps this wage earner could not even under this law get credit with the dealer in necessaries. This should not change the interpretation of the law, because such a wage earner is better off and a better citizen on the town than under the loan sharks.

The earnings of the wage earner under this law can not be attached by the banker, the broker or the loan shark, but only by the one actually furnishing to him directly the necessaries.

The motion will be granted.